UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>HAILEY GIST-HOLDEN,   )<br>)<br>Defendant.   ) | Cause No. 2:21-cr-71 |

### OPINION & ORDER

Defendant Hailey Gist-Holden filed a motion to reconsider a detention order entered by Magistrate Andrew P. Rodovich on July 22, 2021. [DE 31; DE 24.] Consistent with 18 U.S.C. § 3142(i), Judge Rodovich included written findings of fact and a written statement of the reasons for the detention. I held a hearing on the motion to reconsider on August 24, 2021, and denied Gist-Holden's request to revoke the detention order for the reasons stated on the record. Consistent with 18 U.S.C. § 3145(b), I promptly determined the motion. However, I did not comport with my usual practice, which is to put those findings in writing. In an abundance of caution, and because Gist-Holden has filed an appeal of the pretrial detention order [DE 46, 57], I am reducing my findings to this written opinion.

Gist-Holden is charged in Count 1 of the superseding indictment with taking from a person by force, violence, and intimidation United States Currency belonging to a bank, whose deposits were insured by the FDIC, and in committing such an offense assaulting and putting in jeopardy the life of another person by the use of a dangerous

weapon in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2; and in Count 2, carrying a firearm during and in relation to a crime of violence (armed bank robbery) and brandishing and discharging the firearm causing the death of Richard Castellana, such killing being murder because it was committed with malice aforethought, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j), 18 U.S.C. § 2 . I reviewed the superseding indictment, the pretrial services bond report, and the defendant's request to revoke or modify the detention order [DE 31]. Additionally, the parties proffered evidence and presented argument to me at the hearing on August 24, 2021. This order sets out and supplements the findings of fact and rulings I made on the record denying the motion in my *de novo* review of the evidence.

      Gist-Holden is charged with an offense under section 924(c). As a result, there is a rebuttable presumption that there is no condition or combination of conditions that would reasonably assure his appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(B). This presumption represents Congress's judgment that people charged with such serious crimes are "likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Although this is a rebuttable presumption, I found during the hearing that I was not presented with enough information to rebut the presumption that Gist-Holden was a flight risk and a danger to the community. In fact, I found it wasn't even close.

Section 3142(g) sets out four factors to consider in deciding whether there are conditions that would ensure the appearance of the person as required, and the community's safety, or whether a defendant must be detained instead. 18 U.S.C. § 3142(g). The first factor is the nature and circumstances of the charged offense, including whether it is a crime of violence or involves a firearm. *See* 18 U.S.C. § 3142(g)(1). In this case, Gist-Holden is charged with an incredibly serious crime of violence involving a firearm. Accordingly, the first factor weighs heavily in favor of detention.

The second factor is the weight of the government's evidence against Gist-Holden. 18 U.S.C. § 3142(g)(2). The government proffered that it has text messages, an incriminating photograph of Gist-Holden holding a firearm, evidence that Gist-Holden's girlfriend purchased the firearm that his co-defendant was found with near the scene of the crime and was used to kill the victim, forensic evidence, and video evidence corroborating the charge that Gist-Holden was involved in the armed robbery and murder of Mr. Castellana. As a result, the second factor — the weight of the evidence against the defendant — also weighs strongly in favor of detention.

The third factor is Gist-Holden's character, physical and mental condition, family ties, employment situation, financial resources, length of residence in the community, community ties, and criminal history. 18 U.S.C. § 3142(g)(3). On the one hand, there is some evidence that Gist-Holden has family ties to the community and provides for his family, including a child with serious medical issues. On the other hand, Gist-Holden

3

has a fairly serious criminal history including a domestic battery.  On balance, I believe the third factor favors detention.

The fourth factor is the nature and seriousness of the danger to any person or the community posed by Gist-Holden's release. 18 U.S.C. § 3142(g)(4).  Gist-Holden was apprehended in this matter following an incredibly dangerous high speed chase in Georgia.  I found this was dramatic evidence of flight.  This case carries with it extremely serious charges, which are death penalty eligible, and given Gist-Holden's flight, this factor weighs strongly in favor of detention.

I have examined the factors in 18 U.S.C. § 3142(g) and find by a preponderance of the evidence that no condition or combination of conditions would reasonably ensure Gist-Holden's appearance as required.  Indeed, I think there is a strong risk of non-appearance due to Gist-Holden's flight, his criminal history, and the extremely serious charges he is facing.  As such, I do not need to reach the issue of whether any condition or combination of conditions would reasonably assure the safety of the community.  *See United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985).  Accordingly, I reiterate in this written order that Gist-Holden's motion to reconsider the detention order [DE 31] is **DENIED.**

**SO ORDERED.**

ENTERED: November 4, 2021.

/ s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**