UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>HAILEY GIST-HOLDEN, )<br>)<br>Defendant. ) | Cause No. 2:21-CR-71 |

**OPINION AND ORDER**

Before the Court is pro se defendant Hailey Gist-Holden's Motion for Recusal/Disqualification of the trial judge. [DE 226.] For the reasons set forth below, the motion is denied.

Gist-Holden is charged in Count 1 of the second superseding indictment with taking from a person by force, violence, and intimidation United States Currency belonging to a bank, whose deposits were insured by the FDIC, and in committing such an offense assaulting and putting in jeopardy the life of another person by the use of a dangerous weapon, and in furtherance killing Richard Castellana, in violation of 18 U.S.C. §§ 2113(a), (d) & (e); and in Count 3, carrying a firearm during and in relation to a crime of violence (armed bank robbery) and brandishing and discharging the firearm causing the death of Richard Castellana, such killing being murder because it was committed with malice aforethought, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j), 18 U.S.C. § 2. [DE 152.] Gist-Holden has filed a panoply of motions during the course of this case. My opinion and order dated February 22, 2022 [DE 118], contains the most

extensive version of the facts.

Gist-Holden now moves to recuse me as the judge under several statutes. First, Gist-Holden moves for recusal under 28 U.S.C. § 455(a), which provides that the judge shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned. "[T]he appropriate inquiry under § 455(a) is whether an informed, reasonable observer would doubt the judge's impartiality." *Matter of Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1229 (7th Cir. 1988). There is nothing in this case that shows my impartiality might be reasonably questioned. Gist-Holden disagrees with many of my rulings and the rationales behind them. But "[b]y itself, an adverse judicial ruling does not provide a valid basis for questioning a judge's impartiality." *Thomas v. Dart*, __ F.4th __, No. 21-2458, 2022 WL 2679460, at * 6 (7th Cir. July 12, 2022). As the Seventh Circuit recently noted, "[e]rrant decisions are grounds for appeal, not for seeking a judge's recusal." *Id.*

The other statute that deals with recusal is 28 U.S.C. section 144, which provides that whenever a party files a "timely and sufficient affidavit" that the judge of the party's case has a "personal bias or prejudice," the case shall be assigned to a different judge. 28 U.S.C. § 144. The bias must be personal rather than judicial, and "[t]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540,

2

541 (1994).

Gist-Holden has not met the statutory requirements of section 144 either. First, Gist-Holden did not file an affidavit. Second, Gist-Holden has not shown that any alleged personal bias stems from an extrajudicial source. My rulings in this case do not, by themselves, constitute a reason to recuse.

ACCORDINGLY:

Hailey Gist-Holden's Motion for Recusal/Disqualification of the trial judge [DE 226] is DENIED. The Clerk is ORDERED to mail a copy of this order to Gist-Holden at his institution.

ENTERED: August 1, 2022.

                                                s/   Philip P. Simon  
                                              PHILIP P. SIMON, JUDGE  
                                              UNITED STATES DISTRICT COURT