UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                        )<br>          Plaintiff,                          )<br>                                                        )<br>     v.                                              )     Cause No. 2:21-cr-71<br>                                                        )<br>HAILEY GIST-HOLDEN, KENYON  )<br>HAWKINS, and BRIANA WHITE,   )<br>                                                        )<br>          Defendants.                      ) | |

## OPINION AND ORDER

Defendant Briana White filed a Motion to Sever Briana White From Her Codefendants' Case. [DE 207.] The government filed a response on July 6, 2022, stating it "agrees with White and requests this Court grant her motion [to sever]." [DE 222 at 3.] Her pro se co-defendant, Hailey Gist-Holden (whom White has had a relationship with for several years and are the parents of three young children), filed a response opposing any severance. [DE 225.] Kenyon Hawkins, another defendant in the case, did not respond to the severance motion.[1] For the reasons outlined below, I agree that it is appropriate to sever Ms. White's trial from the trial of the remaining co-defendants.

White is charged in Count 2 of the second superseding indictment with bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2; and in Count 3, with carrying a firearm during and in relation to a crime of violence (armed bank

---

[1] A fourth Co-defendant, James Anthony King, Jr., filed a plea agreement and pleaded guilty to counts 1 and 2 of the superseding indictment on March 7, 2022. [DE 138.]

robbery) and brandishing and discharging the firearm causing the death of Richard Castellana, such killing being murder because it was committed with malice aforethought, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j), 18 U.S.C. § 2 . [DE 152.]

During the hearing held on June 28, 2022, on the review of White's detention, the government sketched out White's alleged involvement in a bank robbery which resulted in the death of a security guard. In summary, the government alleges that White was part of the meeting planning the robbery. Shortly after the meeting, White's three co-defendants made their way to the targeted bank while White stayed back listening to an app that was streaming the Gary Police Department police scanner. According to the government, White's role was to engage in a three way call with Gist-Holden and King while the robbery was occurring and then relay to them any information she heard over the police scanner. This significantly helped her co-defendants by telling them when the police were on their way to the scene, giving them information about the police perimeter that was set up, and helping them evade the authorities. Additionally, there is evidence that White purchased both weapons (albeit many months earlier) used in the robbery by her co-defendants King and Gist-Holden.

There is, of course, a "presumption that co-defendants who are indicted together are normally tried together." *United States v. Lopez*, 6 F.3d 1281, 1285 (7th Cir. 1993). However, Rule 14 provides, "[i]f the joinder of offenses or defendants . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Fed. R. Crim. P. 14(a). A motion to sever should be granted only where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Seventh Circuit has found that "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *United States v. Moore*, 115 F.3d 1348, 1362 (7th Cir. 1997) (quotation omitted).

In accordance with *Zafiro*, district courts have found that where two defendants present mutually antagonistic defenses, a federal court may grant a severance where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Day*, No. 2:19-cr-TLS-JPK, 2020 WL 549581, at *1 (N.D. Ind. Feb. 4, 2020) (quoting *Zafiro*, 506 U.S. at 539).

In this case, it appears that White's co-defendant, Gist-Holden, is going to claim he was not involved in the bank robbery at all. (Because he did not respond to the motion, it is difficult to know what Hawkins' defense might be.) This defense would be at odds with that of Ms. White, who claimed in her memorandum that she might pursue a defense of "coercion, duress, or other mental health" issues to explain her allegedly limited involvement with the offense. [DE 207 at 5.] As the government has noted, to prevail on such a defense, she would have to concede that she assisted Gist-Holden and her co-defendants on the day of the robbery, and then produce evidence

3

that she: (1) reasonably feared immediate death or serious bodily harm by Gist-Holden, and (2) she had no reasonable opportunity to refuse to commit (or aid in the commission) of the robbery and avoid the threatened injury.  *See United States v. Dingwall*, 6 F.4th 744, 746 (7th Cir. 2021).  That defense, if pursued by White, would be in direct conflict with Gist-Holden's claim that he was not involved in the incident, and some other person committed the crime.

In sum, I am persuaded that if tried together, White and Gist-Holden would pursue mutually antagonistic defenses making it difficult for either party to receive a fair trial.  So the severance will be granted.  White will be tried by herself, and Hawkins and Gist-Holden will be tried together.

## Conclusion

In light of the mutually antagonistic defense of White and the government's agreement that White should be severed from the trial of her co-defendants, White's Motion to Sever [DE 207] is GRANTED.

Defendant White's trial will be severed from the trial of Gist-Holden and Hawkins.  The Clerk is ORDERED to mail Gist-Holden a copy of this order at his institution.

A status conference is HEREBY SET in front of the undersigned on Thursday August 18, 2022, at 9:30 a.m. CST for the case against Gist-Holden and Hawkins.  The United States Marshal is ORDERED to have Defendants Gist-Holden and Hawkins present and in person for the hearing.  During the conference, a trial date will be set and

4

the court will address whether a hearing is necessary on Gist-Holden's pending motions to suppress [DE 145, 147].

A status conference is also HEREBY SET in front of the undersigned on Thursday August 18, 2022, at 1:30 p.m. CST for the case against Defendant White. The United States Marshal is ORDERED to have White present and in person for the hearing. During the conference, a trial date will be set for her.

**SO ORDERED.**

ENTERED: August 2, 2022.

/ s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**

5